UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

**CASE NO.:** <u>CV 10-04886 SJO (RCx)</u>         **DATE:** <u>July 25, 2011</u>

**TITLE:**      <u>Masoumeh Hadjavi, et al. v. CVS Pharmacy, Inc, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers):   ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** [Docket No. 39]

This matter is before the Court on Plaintiffs Masoumeh Hadjavi ("Hadjavi"), Buulinh Chao ("Chao"), Narvell Harris ("Harris"), John Hoang ("Hoang"), and Edward Kay's ("Kay") (collectively, "Plaintiffs") Motion for Class Certification ("Motion") filed on January 4, 2011. Defendants CVS Pharmacy, Inc. ("CVS"), and CVS Rx Services, Inc. (collectively, "Defendants") filed an Opposition, to which Plaintiffs replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 14, 2011. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiffs' Motion for Class Certification is DENIED.

I.    <u>BACKGROUND</u>

Plaintiffs Hadjavi and Harris were employed by Defendants as Pharmacists-In-Charge. (First Amended Complaint ("FAC") ¶¶ 9, 12.) Plaintiff Kay was employed for approximately eight months as a Staff Pharmacist and two months as a Graduate Pharmacist Intern and approximately three years as a Pharmacist Intern. (FAC ¶ 10.) Plaintiffs Chao and Hoang were employees of Defendants, and worked as pharmacists until November 2009. (FAC ¶¶ 11, 13.)
Defendants engage in a business of providing pharmacy services throughout California and operate over 800 stores throughout California. ((Noyes Decl. in Supp. of Defs.' Opp'n ("Noyes Decl.") ¶ 3.) Plaintiff alleges that Defendants implemented policies and scheduling templates to minimize the need for overtime. (Mot. 13:6-9.) Plaintiffs allege that such policies actively discouraged payment of overtime wages, even if job requirements compelled pharmacists to work overtime. (Mot. 14:1-2.) Plaintiffs also allege that the business demands of Defendants "prevented" pharmacists from taking meal and rest breaks and that pharmacists were "forced" to miss meal and rest breaks without receiving premium pay for working during their breaks. (Mot. 15:1-3.)

Plaintiffs initiated this class action suit for damages arising out of Defendants' purported violation of California's wage and hour laws on behalf of themselves, and others similarly situated. Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 10-04886 SJO (RCx)</u>               DATE: <u>July 25, 2011</u>

seek to represent three subclasses: (1) all persons who are employed or have been employed by Defendants in California as non-exempt "Pharmacy Team Leaders" or "Pharmacists-In-Charge" during the class period; (2) all persons who are employed or have been employed by Defendants in California as non-exempt "Pharmacist Interns" or "Graduate Pharmacist Interns" during the class period; and (3) all persons who are employed or have been employed by Defendants in California as non-exempt "Staff Pharmacists" during the class period (collectively, the "Proposed Class").

Plaintiffs allege that Defendants failed to provide all required meal and rest breaks, pay minimum wages, pay overtime wages, and failed to maintain accurate itemized wage statements. (FAC ¶ 1.) Plaintiffs also seek injunctive relief and restitution of all benefits Defendants have purportedly enjoyed from their failure to pay all wages owed under the California Business and Professions Code. (*Id.*)

II.     <u>LEGAL STANDARD</u>

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits; and (2) to protect the rights of persons who might not be able to present claims on an individual basis." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure ("Rule") 23 "provides district courts with broad discretion to determine whether a class should be certified . . . ." *Dukes v. Wal-Mart, Inc.,* 603 F.3d 571, 579 (9th Cir. 2010). To certify a class action, Plaintiffs must meet the four prerequisites of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Dunleavy v. Nadler*, 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)). In addition to the Rule 23(a) requirements, the party seeking certification bears the burden of meeting at least one requirement of Rule 23(b). *Id.* at 580. Plaintiffs seek certification under Rule 23(b)(2) and Rule 23(b)(3).

III.    <u>DISCUSSION</u>

   A.   <u>Plaintiffs Fail to Establish the Requirements of Rule 23(a)</u>.

Plaintiffs fail to meet all the prerequisites set forth in Rule 23(a). Rule 23(a) restricts class actions to cases where: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are more commonly referred to as numerosity, commonality, typicality, and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 10-04886 SJO (RCx)</u>          DATE:  <u>July 25, 2011</u>

adequacy of representation, respectively.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

        1.    <u>Numerosity</u>

The numerosity requirement under Rule 23(a) is met where the party seeking certification shows the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Defendants do not challenge numerosity, as the proposed class is approximately 4,400 employees. (Mot. 2:1.) Accordingly, the numerosity requirement is satisfied.

        2.    <u>Commonality</u>

To fulfill the commonality prerequisite of Rule 23(a)(2), Plaintiffs must "establish common questions of law and fact." *Dukes,* 603 F.3d at 594. Commonality focuses on the relationship of common facts and legal issues among class members. *Id.* at 599. Rule 23(a)(2) has also been construed permissively. However, the commonality test is "qualitative rather than quantitative." *Id.* at 599. All questions of fact and law need not be common to satisfy the rule. *Hanlon*, 150 F.3d at 1019. "The existence of shared legal issues with divergent factual predicates is sufficient" to satisfy Rule 23(a)(2). *Id.*

In the instant case, Plaintiffs have identified the following issues as common questions of fact or law: (1) whether Defendants violated Wage Order Number 7-2001, section 5 and Labor Code sections 1197 and 1194 by failing to provide at least a minimum wage to members of the Proposed Class for all hours worked; (2) whether Defendants violated Wage Order Number 7-2001, section 3 and Labor Code sections 510 and 1194 by failing to pay overtime compensation to members of the Proposed Class who worked and should have been entitled to such compensation under California law; (3) whether Defendants violated Wage Order Number 7-2001, section 11 and 12 and Labor Code sections 226.7 and 512 by permitting, encouraging and/or requiring members of the Proposed Class to work without meal breaks and by requiring members of the Proposed Class to work without rest breaks for shifts in which either or both were required under law; (4) whether Defendants violated Labor Code section 226 by failing to provide accurate itemized wage statements for all members of the Proposed Class; (5) whether Defendants violated Labor Code section 226 by failing to keep payroll records as required for a minimum of three years; (6) whether Defendants violated Business and Professions Code sections 17200, *et seq.* by violating the labor laws and regulations noted herein; and (7) the effect upon and extent of damages suffered by the Proposed Class and the appropriate amount of compensation. (Compl. ¶ 26.)

Plaintiffs' primary theory of liability is that Defendants had a common policy that rendered meal and rest breaks unavailable and that overtime wages were not paid. (Mot. 5:17-18.) California

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 10-04886 SJO (RCx)</u>          DATE: <u>July 25, 2011</u>

law[1] does not require employees to take a rest break. Employers need only "authorize and permit" employees to take a 10-minute rest break for every four hours of work, or major fraction thereof. *In re Lamps Plus Overtime* Cases, — Cal. App. 4th —, 2006 WL 1759625, at * 7 (Cal. App. 2 Dist. May 10, 2011); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586 (C.D. Cal. 2008). Similarly, employers need only "provide" an opportunity for employees to take a 30-minute meal break when they work more than five hour in a shift. Cal. Labor Code § 512.

If an employee was prevented from taking a meal or rest break, a potential violation would exist. However, if meal or rest breaks were made available and the employee did not take it, Defendants are not obligated to require employees to take such a break. *See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at * 6 (C.D. Cal. 2006). Plaintiffs argue that Defendants' business demands "forced" Plaintiffs to miss meal and rest breaks. (Mot. 15:1-3.) The court in *Brown v. Fed. Ex. Corp.* addressed this issue where the plaintiffs moved for class certification asserting that the putative class was "put under excessive pressure to make deliveries as quickly as possible, such that they were unable to take meal breaks and rest breaks within the time required by law." *Brown*, 249 F.R.D. at 582. The court held that the plaintiffs were required to demonstrate that Fed Ex's policies deprived them of those breaks. However, the court concluded that "[a]ny such showing [would] require substantial individual fact finding" because, among other things, the putative class worked in many different facilities across California. *Id.* at 587. The variation in facilities introduced complexities of understanding the management policies unique to each facility and how they impact the putative class. *Id.* The court concluded that the plaintiffs proposed no method of common proof that would establish that Fed Ex's policies prevented the putative class from taking required breaks. *Id.* Similarly, other district courts in California have found such claims inappropriate for class-wide adjudication because of the individualized nature of demonstrating that plaintiffs were forced to forego meal breaks. *Salazar v. Avis Budget Group, Inc.*, 251 F.R.D. 529, 534 (S.D. Cal. 2008); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 631, 646 (N.D. Cal. 2008).

In this present action, Plaintiffs have failed to demonstrate that Defendants had a uniform or common policy in place that "prevented" employees from taking meal and rest breaks and did not provide overtime wages throughout all California locations. Defendants proffered declarations from pharmacists employed at various locations that contradict Plaintiffs' claim that a system wide policy or practice was in place that prevented pharmacists from taking rest or meal breaks. For example, Anahit Rehanyan, a pharmacist from the Canoga Park, California location, the same location where Plaintiff Hadjavi was once employed, claimed that she "cannot recall missing a

---

[1] *See Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25, 31 (2008) (holding that employers "need only provide [meal breaks] and not ensure they are taken."). *Brinker Restaurant Corp.* is pending before the California Supreme Court and, as a result, is not citable authority. However, most courts that have ruled on the issue have concluded that employers must make meal breaks available but need not ensure that they are taken.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 10-04886 SJO (RCx)</u>     DATE: <u>July 25, 2011</u>

single meal break during my employment at CVS." (Rehanyan Decl. in Supp. of Defs.' Opp'n "Rehanyan Decl.") ¶ 8.) She also stated, "I also always take my first rest break. Sometimes I skip my second rest break in the afternoon. I do this if I just don't need a break. To the extent I do this, it is completely voluntary." (*Id.* ¶ 9.) She added that "[w]e are not pressed by him or anyone else at CVS to finish a certain amount of work or leave if all the potential work is completed." (*Id.* ¶ 16.) Jong Cho, a pharmacist from the Los Angeles, California location, testified that "I have never missed a lunch break" and that "when we need something, we can take a break." (Cho Decl. in Supp. of Defs.' Opp'n ¶¶ 5, 6.) Cho stated that "[a]lthough it is a busy store, I am generally able to finish all my job duties during my scheduled shift" and that "I have been paid for all overtime I have worked." (*Id.* ¶¶ 5, 9.) Monica Scheu, a pharmacist from the Oakland, California location also testified that "I have consistently taken meal periods" (Scheu Decl. in Supp. of Defs.' Opp'n ¶ 8) and that "I have always received overtime pay for hours worked over 40 in one week." (*Id.* ¶ 4.) Steven Cooper, a pharmacist from the Los Angeles, California location also testified that he is never pressured to finish certain amounts of work. (Cooper Decl. in Supp. of Defs.' Opp'n ¶ 13.)

Furthermore, similar to *Brown*, substantial variability in management policy exists between the 819 pharmacies because different Pharmacists-In-Charge are placed at each pharmacy location. (Noyes Decl. ¶¶ 3-5.) California regulations provide that "[t]he pharmacy owner shall vest the pharmacist-in-charge with adequate authority to assure compliance with the laws governing the operation of a pharmacy." Cal. Code Regs. tit. 16, § 1709.1(b). This would require the Court to examine the management of each Pharmacist-In-Charge on an individualized, pharmacy-by-pharmacy basis in each of the 819 California stores totaling more than 15,900 employees (Hirad D. Dadgostar in Supp. of Mot. ("Dadgostar Decl.") ¶¶ 10-11, Exs. D, E) and determine the impact on Defendants' alleged misconduct in "preventing" employees a meaningful opportunity to take meal and rest breaks, and provide overtime wages.

Additionally, Plaintiffs assert that, at times, they were required to work "off-the-clock" during their meal and rest breaks, and worked overtime without receiving compensation in order to perform the necessary job duties. (Mot. 4:14-18.) Plaintiffs assert that Defendants failed to maintain adequate records related to wages and hours worked. (Pl.'s Mot. 17:16-18.) The alleged failure to maintain records would pose additional burdens on the Court as the determination of liability and proof of damages for Plaintiffs' "off-the-clock" performance would require the process of seeking information from every potential class member, despite having "clocked-out," to determine: whether the employee did not actually take a meal period or work overtime; whether the meal break owed was nonetheless provided in accordance with California law; if employees were unable to take a break, then whether it was due to Defendants' act or on the employees' own fruition; and if determined to have worked "off-the-clock," then to determine the number of shifts worked. Given that Plaintiffs' claims are predicated upon Defendants' purported act of maintaining inadequate records and incorrect wage statements (Mot. 18:1-2), individualized questions would predominate as to whether employees worked "off-the-clock."

Accordingly, Plaintiffs fail to establish the existence of a common core of salient facts or shared legal issues to meet the commonality prerequisite of Rule 23(a).

        3.     <u>Typicality</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As the Ninth Circuit recently explained, "[a]lthough the commonality and typicality requirements of Rule 23(a) tend to merge, each factor serves a discrete purpose. Commonality examines the relationship of facts and legal issues common to class members, while typicality focuses on the relationship of facts and issues between the class and its representatives." *Dukes*, 603 F.3d at 612 n.37. In other words, the purpose of the typicality requirement is to assure that the interest of the named representatives aligns with the interest of the class. *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986). Typicality tests whether the other members "have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In other words, the typicality requirement for class certification looks to whether the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. Fed. R. Civ. P. 23(a)(3)

Plaintiffs argue that the typicality requirement is satisfied because Defendants unlawfully employed the same practices against Plaintiffs and the Proposed Class. (Mot. 20:21-22.) Plaintiffs provide declarations of more than 20 pharmacists throughout the California stores claiming that Defendants' policies prevented them from taking meal and rest breaks. Based on these declarations, Plaintiffs' claims are similar to the claims of the Proposed Class.

Accordingly, Plaintiffs meet the typicality element of Rule 23(a)(3).

        4.     <u>Adequacy of Representation</u>

"Requiring the claims of the class representatives to be adequately representative of the class as a whole ensures that the interests of absent class members are adequately protected." *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998). Under Rule 23(a)(4), Plaintiffs must establish that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether a proposed class representative will fairly and adequately protect the interests of a class, the court asks two questions. First, do the proposed class representative and its counsel "have any *conflicts of interest* with other class members?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon*, 150 F.3d at 1020) (emphasis added). Second, will the proposed class representative and its counsel "prosecute the action vigorously on behalf of the class?" *Id.* The competency of counsel is relevant to whether the class representative and her

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 10-04886 SJO (RCx)</u>  DATE: <u>July 25, 2011</u>

counsel will vigorously prosecute the action, *Hanlon*, 150 F.3d at 1021, as well as the likelihood of collusion. *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).

Plaintiffs seek to certify a class of all pharmacists, including Pharmacists-In-Charge, Staff Pharmacists, and Pharmacy Interns. (Mot. 15:16-16:10.) Pharmacists-In-Charge are responsible for scheduling the pharmacy employees, including assigning their regular duties. (Desimone Decl. in Supp. of Mot. ("Desimone Decl.") Ex. B at 83:8-19.) Plaintiff Harris was employed as a Pharmacist-In-Charge. (FAC ¶¶ 9-12.) Plaintiffs Harris and Hadjavi were employed as Pharmacy Managers. Plaintiff Harris was the supervisor for Plaintiff Hoang, who was a Staff Pharmacist at the Inglewood, California location. (Hoang Decl. in Supp. of Mot. ("Hoang Decl.") ¶ 3.) Plaintiff Harris stated in his declaration that as a pharmacy manager, due to the demands of his job duties, "there [was] not enough time in my regularly scheduled shift to complete the work required of me." (Harris Decl. ¶¶ 9, 10.) As a Pharmacist-In-Charge, however, Plaintiff Harris was responsible for including appropriate time in the work schedule for meal breaks for pharmacists. (Noyes Decl. ¶ 8.) However, Plaintiff Hoang stated in his declaration that he felt "tremendous pressure from my managers and from CVS to work off the clock" and "felt compelled to work during our rest breaks and meal breaks." (Hoang Decl. ¶¶ 10, 11.) This raises conflict of interest concerns in that Plaintiff Hoang's supervisor, Plaintiff Harris, a named Plaintiff in this action, may have contributed to Plaintiff Hoang's inability to take his meal breaks. *See Wagner v. Taylor*, 836 F.2d 578, 595 (D.D.C. 1987) (stating that supervisors are often inappropriate representatives of non-supervisors because there are distinctly different interests between the two groups).

Accordingly, Harris has failed to establish that he is an adequate representative.

  B. <u>Plaintiffs Cannot Satisfy the Requirements of Rule 23(b)(2)</u>.

Plaintiffs attempt to certify the Proposed Class under Rule 23(b)(2). Even assuming, *arguendo*, that Plaintiffs have established all elements under Rule 23(a), Plaintiffs fail to establish that the Proposed Class can be certified under Rule 23(b)(2). For a class to be certified under Rule 23(b)(2), "the claim for monetary damages must be secondary to the primary claim for injunctive or declarative relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003). "To determine whether monetary relief predominates, a district court should consider, on a case-by-case basis, the objective effect of the relief sought on the litigation." *Dukes,* 603 F.3d at 617. Relevant factors that a court may consider include "whether the monetary relief sought determines the key procedures that will be used, whether it introduces significant legal and factual issues, whether it requires individualized hearings, and whether its size and nature – as measured by recovery per class member – raise particular due process and manageability concerns." *Id.*

Plaintiffs seek to recover both monetary damages in terms of penalties and restitution of unpaid wages and injunctive relief. (*See generally* FAC.) Plaintiffs assert that Defendants applied the same policies and practices to every single California Pharmacist and Pharmacist Intern (Mot. 6:5-7) and therefore, made it too busy for employees to receive a meaningful opportunity to take

meal and rest breaks. (Mot. 5:17-18.)  However, as previously mentioned, Plaintiffs have failed to demonstrate that Defendants' alleged violations were the product of a common policy throughout all California locations.  As such, determining Defendants' liability would require individualized inquiries into each store, each shift and each employee.  *See Sweet v. Pfizer*, 232 F.R.D. 360, 374 (C.D. Cal. 2005) (holding that even though Rule 23(b)(2) does not specifically contain predominance and superiority requirements, "a class under Rule 23(b)(2) must not be overrun with individual issues").  Plaintiffs have failed to demonstrate a consistent policy and have failed to proffer any method that would eliminate the need for individualized inquiries. Considering that Plaintiffs' primary objective is monetary relief, the Court finds that class certification under Rule 23(b)(2) to be inappropriate.

Accordingly, the Court DENIES Plaintiffs' Motion for Class Certification Under Rule 23(b)(2).

  C. <u>Plaintiffs Cannot Satisfy the Requirements of Rule 23(b)(3)</u>.

Plaintiffs also seek class certification under Rule 23(b)(3).  Courts refer to the requirements of Rule 23(b)(3) as the "predominance" and "superiority" requirements. *See Amchem Prods., Inc.*, 521 U.S. at 615.  For the reasons stated below, Plaintiffs fail to satisfy the predominance and superiority requirements.

    1. <u>Plaintiffs Cannot Satisfy Predominance</u>.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc.*, 521 U.S. at 623.  It is similar to the commonality requirement of Rule 23(a)(3).  *Id.* at 623 n.18.  However, the predominance is a more rigorous requirement than the Rule 23(a)(3) commonality prerequisite.  *Hanlon*, 150 F.3d at 1019.  The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009).

Plaintiffs cannot meet this requirement if common issues are lacking at the outset because individual issues predominate.  Plaintiffs argue that class treatment is well-suited here because Defendants engaged in a long-standing, unlawful practice.  (Mot. 22:21-22.)  Although Plaintiffs assert that Defendants implemented their policies to every single California pharmacist, (Mot. 6:5-7) not all pharmacists were "prevented" from  taking meal and rest breaks and some were paid overtime wages.  *See, e.g., Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *4 (C.D. Cal. Sept. 7, 2006) (certification inappropriate where "the direct evidence and declarations submitted compel the conclusion that Guardsmark has no policy that violates the law," and therefore, "the bulk of the issues that are truly in dispute in this matter are inherently individualized").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.: <u>CV 10-04886 SJO (RCx)</u> | DATE: <u>July 25, 2011</u> |

Moreover, Defendants' written policies provide "all non-exempt California employees who work 5 hours or more in a shift to an unpaid, uninterrupted off-duty meal period of at least 30-minutes, and entitles all such employees to a second such meal period when they work 10 or more hours during a shift." (Stanley Decl. ¶ 3.) Defendants' policies also provide "all non-exempt California employees to a 10-minute paid rest period during each 4 hour or major fraction of 4 hours that they work, although the policy and practice in CVS's California pharmacies is to provide rest breaks of 15 minutes instead of 10." (*Id.*) "If an [sic] non-exempt employee in California misses his or her meal break (or has a meal break for less than 30 minutes, or starts his or her first meal break more the [sic] five hours after starting work or second meal break more than ten hours after starting work), he or she is automatically paid a Meal Period Premium of one additional hour of compensation." (*Id.* ¶ 6.) In terms of overtime, "any and all overtime work must be recorded and is paid to the employee whether or not prior approval has been obtained." (*Id.* ¶ 7.) In order to establish Defendants' liability, the Court would be forced to proceed store-by-store and employee-by-employee to determine whether Defendants' effectively violated California labor laws, despite have written policies permitting meal and rest breaks and providing overtime wages.

Also, to make matters more complex, Pharmacists-In-Charge and Pharmacy Managers oversee each pharmacy and schedule hours for pharmacists. (*See* Noyes Decl. ¶ 8.) Pharmacists-In-Charge are also responsible for making sure that pharmacists take their meal and rest breaks in accordance with Defendants' policies. (*Id.*) If this matter is certified as a class action, the very real prospect exists that the Court may be forced to endure dozens, perhaps hundreds, of mini-trials to determine whether the Pharmacists-In-Charge or Pharmacy Managers provided such meal and rest breaks. The Court will be faced with class action claims that are primarily individual in nature with proof being required from pharmacists across a number of stores to determine Defendants' liability. Furthermore, for those employees who worked "off-the-clock," whether it be during their meal or rest breaks, or overtime, the amount of time they spent and the number of such occasions will vary substantially. Declarations submitted by both parties demonstrate that Defendants' policies affected employees differently depending on the pharmacy locations. Plaintiffs have failed to propose any method that would not require individualized determinations for establishing Defendants' liability. *See, e.g., Jimenez*, 238 F.R.D. at 253.

Accordingly, the Court concludes that Plaintiffs have failed to establish Rule 23(b)(3).

      2.      <u>Plaintiffs Cannot Satisfy Superiority</u>.

Plaintiffs must also demonstrate that a class action would be a superior method of resolving this controversy. A class action may be superior "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). It is also superior when no realistic alternative to a class action exists. *Id.* at 1234-35. In deciding whether a class action would be a superior method for resolving the controversy, the Court considers factors including: (1) the class members' interest in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 10-04886 SJO (RCx)</u>     DATE: <u>July 25, 2011</u>

litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation and of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Plaintiffs argue that class action would be a superior method of adjudication because it would accomplish judicial economy by avoiding multiple suits. (Mot. 22:13-15.) However, Plaintiffs have failed to account for the individualized determinations mentioned by the Court. The greater the number of individual issues to be litigated, the more difficult it will be for the Court to manage the class action. *See, e.g., Abed v. A.H. Robins Co.*, 693 F.2d 847, 856 (9th Cir. 1982). Because the Court has found that individual issues predominate in this case, a class action is not the superior method for litigating this matter. Thus, due to manageability concerns regarding the number of individual issues involved, the Court concludes that class action treatment is inappropriate.

Accordingly, Plaintiffs have failed to establish the required elements for Rule 23(b)(3).

IV.     <u>RULING</u>

Accordingly, the Court DENIES Plaintiffs' Motion for Class Certification.

IT IS SO ORDERED.